The **SOUTHLAND CORPORATION, a Texas corporation, Plaintiff,**

v.

**Andrew F. SCHUBERT and Frank L. Bennen, Defendants.**

**No. 67–976.**

United States District Court
C. D. California.
Dec. 9, 1968.

McKenna & Fitting, Los Angeles, Cal., James L. Dooley, Cushman, Darby & Cushman, Washington, D. C., for plaintiff.

Taylor F. Peterson, San Bernardino, Cal., for defendants.

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

CURTIS, District Judge.

In its motion for summary judgment plaintiff contends that its trade name, designated as 7–ELEVEN FOOD STORES, was infringed by defendants' use of the same name for their stores in the San Bernardino area. Plaintiff seeks an injunction against the defendants' further use of this name, reasonable attorneys' fees, and an order requiring the defendants to discontinue their prior state court action against the plaintiff relating to the same subject

matter. Both parties agree that their dual use of the same name is confusing to the public, thus the only legal issue involved is which party has superior rights to the name.

Plaintiff contends that it has superior rights under the common law, California statutory law, and federal statutory law. The motion for summary determination appears proper since, with one possible exception hereinafter discussed, there appears to be no factual dispute.

Plaintiff began using the 7–ELEVEN name in the 1940's in the Texas area and has since vastly expanded its operation to all parts of the United States. It franchises food marts, or convenience marts, which are known for their fast service, neatness and easy parking. These stores now number over 2,500.

Defendants are partners in several food markets in the San Bernardino area bearing the 7–ELEVEN name. The defendants acquired the business of one market and assumed managerial duties for several other markets in 1965 from a family operation called 7–ELEVEN Markets, Inc. This corporation was headed by Rulon Jones and his son, Orlyn Jones, and was incorporated in 1959, somewhat prior to plaintiff's commencement of its California operation. The corporation granted these defendants a license to use the 7–ELEVEN name on any future markets they might establish but gave them no ownership in the corporation or its name.

In 1959, when the Joneses decided to embark upon the convenience store concept, they went to San Diego and observed several stores known as SPEE-DEE–MART, INC., which had the 7–ELEVEN insignia next to the name SPEEDEE–MART on their signs. Apparently the Joneses adopted the 7–ELEVEN name from the SPEEDEE–MART sign because the hours of their store were to be seven in the morning until eleven at night. When they incorporated 7–ELEVEN, INC. in 1959, plaintiff was operating 500 stores in eight states outside of California. In 1964, plaintiff acquired over 1,000 stores from SPEEDEE–MART, INC. in California.

The question whether either of the Joneses knew of plaintiff's trade name before they incorporated in 1959 is a matter of some importance in applying the law to the facts here. There appears to be some conflict in the evidence arising from Orlyn Jones' deposition. However, this may well be moot by reason of the defendants' failure to comply with Local Rule 3(g)2:

> Any party who opposes the motion shall, not later than five (5) days after service of the notice of motion upon him, serve and file a concise "statement of genuine issues" setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

■ Since plaintiff asserts in its motion and findings of fact that Orlyn Jones had such knowledge, and this assertion has not been refuted by the affidavit of the defendants, this court may assume the facts claimed by the moving party are admitted to be true, as not controverted. For the purposes of this motion, then the court assumes that Orlyn Jones did, in fact, have such knowledge.

### PLAINTIFF'S RIGHT TO RECOVER UNDER COMMON LAW

■ When a secondary meaning is acquired, a trade name will be protected fully as if the name were strong at its inception. North American Air. Sys. v. North American Aviation, 231 F.2d 205 (9th Cir.1955). Furthermore, at least in California, a trade name will receive the same protection from a law as a trademark. Stork Restaurant, Inc. v. Sahati, 166 F.2d 348 (9th Cir.1948). There appears to be little doubt that plaintiff's 7–ELEVEN name has acquired secondary meaning. It has advertised in nationally known magazines and other mass media. Further, its

name is impressed on many of the food items it sells to the public. Thus, at common law plaintiff has a valid trade name which it is entitled to protect.

■ Defendants assert innocent use as a defense, contending that a junior user will be protected if he uses the name innocently and in a remote area from the senior user. Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713 (1916). However since the defendants acquired their business in 1965, at a time when plaintiff already had 219 of its markets in operation in California, one of which was in Riverside, this defense is not available, as this does not meet the test of remoteness.

Defendants further contend that they succeeded to the rights of their predecessors, the Joneses, who started the markets when plaintiff was not operating in California. While this is true, the defense is still not available since the Joneses had knowledge of the plaintiff's use of the 7–ELEVEN name in other states.

For these reasons, the motion for summary judgment would be proper on the issue of a common law trade name infringement.

## PLAINTIFF'S RIGHT TO RECOVER UNDER STATUTORY LAW OF CALIFORNIA

■ Under the statutory law of California plaintiff is entitled to summary judgment irrespective of any knowledge on the part of the Joneses. California Business and Professions Code § 14400 provides: "Original owner. Any person who has first adopted and used a trade name, whether within or beyond the limits of this State, is its original owner." Sections 14400 and 14270 recognize the superiority of the rights of a party who first uses trade names or trademarks, whether within or beyond the limits of the state. Evelyn Wood Reading Dynamics Inst. v. Zimmerman, 134 USPQ 475 (N.D.Cal.1962).

Lack of knowledge, therefore is not a defense under the California statutory scheme.

■ Since plaintiff was the first user of the name 7–ELEVEN, it is protected under the statutes, and it is entitled to the injunction which it seeks.

## PLAINTIFF'S RIGHT TO RECOVER UNDER FEDERAL LAW

■ Plaintiff should also be granted summary judgment under the federal law. Title 15 U.S.C. § 1115 sets forth the relevant federal law as follows:

"* * * [A] mark registered on the principal register provided by this chapter and owned by a party to an action shall be admissible in evidence and shall be prima facie evidence of registrant's exclusive right to use the registered mark in commerce on the goods or services specified in the registration * * *.

(b) If the right to use the registered mark has become incontestable under section 1065 of this title, the registration shall be conclusive evidence of the registrant's exclusive right to use the registered mark in commerce * * * except when * * *

(5) [T]he mark whose use by a party is charged as an infringement was adopted without knowledge of the registrants' prior use and has been continuously used by such party or those in privity with him from date prior to registration of the mark * * *.

Plaintiff received a duly registered trademark on July 4, 1961, and thus its right to its exclusive use is incontestable unless the defendants fall within the statutory exemption set forth in § 1065. This exception is unavailable to the defendants since they had no exclusive rights in the name which could be infringed, as they were mere licensees and not owners.

It appears, therefore, that they have no rights to which they are entitled to protection under federal statutes.

The exception set forth in § 1115(b) (5) is inapplicable to the present case. This exception appears to apply where the second user adopts the first user's mark without knowledge and the first user thereafter registers his mark under the Act, but not until after the second user has begun to use the mark. In this situation the second user would be permitted to continue the use of the mark without infringement. This exception appears to be nothing more than the common law of innocence, which has been previously discussed. The defendants cannot seek its protection for two reasons. First, these particular defendants did not use the mark prior to its registration. Secondly, if the defendants claim the rights of their predecessors, the Joneses, who did use the mark prior to its registration, then, they fail to meet the "lack of knowledge contention", since the Joneses did have knowledge of the prior use.

Summary judgment, therefore, seems proper under federal law as well.

## ATTORNEYS' FEES

The Lanham Act precludes an award of attorneys' fees for trademark infringement. Fleischmann Distilling Corp. v. Maier Brewing, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). It would appear that the award of attorneys' fees in cases of unfair competition are not generally allowable where the defendant is acting in good faith. In this case the defendants acquired their business and began the use of the name without knowledge of the plaintiff's use. When they did learn of it, they attempted in good faith to obtain a court determination of their rights to use the name, if any. This is no indication of bad faith. Attorneys' fees under the circumstances here do not appear to be justified.

It appearing, therefore, that there is no substantial issue of fact remaining to be litigated, for the reasons hereinabove set forth plaintiff's motion for summary judgment is hereby granted, and plaintiff's request for the allowance of attorneys' fees is hereby denied.

The court proposes to sign the findings of fact and conclusions of law and judgment heretofore lodged by the plaintiff, except in so far as they relate to attorneys' fees, unless objections thereto are filed within 5 days.