**GOLDEN DOOR, INC.,**
**Plaintiff–Appellee,**

v.

**Anver ODISHO, dba Golden Door,**
**Defendant–Appellant.**

**No. 77–3923.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1980.

Decided Oct. 6, 1980.

Mark Solomon, Redwood City, Cal., argued for defendant–appellant; George P. Eshoo, Eshoo, DuBois & Scott, Redwood City, Cal., on brief.

Warren E. Olsen, Washington, D.C., argued for plaintiff–appellee; Warren M. Becker, Palo Alto, Cal., David H. Semmes, Washington, D.C., on brief.

Before TRASK and FARRIS, Circuit Judges, and NIELSEN,* District Judge.

NIELSEN, District Judge:

The district court in this case has published a thorough and thoughtful memorandum opinion, *Golden Door v. Odisho*, 437 F.Supp. 956 (1977). That opinion recites the facts presented below, which in pertinent part were as follows:

Plaintiff operates the Golden Door, a health and beauty spa at Escondido, California. No guests are accepted for less than a week during which time they are given strenuous physical conditioning, a diet, and beauty counseling. Hair–styling services are a part of the beauty counseling and each guest spends about one hour per day on this phase of the program. The spa employs seven licensed cosmetologists, representing 8% of the staff.

Plaintiff's spa has received extensive coverage in the news media. The opening of the Golden Door in 1959 was accompanied by wide publicity in California newspapers. Since then articles about the spa have appeared in San Francisco Bay Area newspapers and in several national magazines. Mrs. Mazzanti, the founder and president of Golden Door, Inc., has appeared both in person and on television on behalf of the spa. The Golden Door has also been mentioned in books and in a Broadway play.

Plaintiff registered the name "Golden Door" as a trademark under the Lanham Act (15 U.S.C. §§ 1051–1127) on January 25, 1966. Subsequently plaintiff registered its name under two more federal trademarks and three federal service marks. In May, 1968 plaintiff registered a trademark for skin and hair products and service mark for the operation of a health resort under California law.

Defendant Odisho operates two hair salons in San Mateo County, California, approximately 500 miles from plaintiff's spa.

Defendant opened his first salon, "Golden Door Coiffeur," in San Carlos in November, 1965 and a second salon in November, 1975. At the time he opened his second establishment, defendant began using the name "Golden Door for Hair." The defendant filed fictitious name statements for his salons on July 27, 1971 and December 30, 1976; defendant has never registered under either federal or state trade or service mark laws.

In the court below Golden Door, Inc., sought injunctive relief under federal and state law against Odisho's use of the name "Golden Door." After a court trial on July 11, 1977 the district judge found that defendant's use of the name "Golden Door" was likely to cause confusion and granted plaintiff an injunction under both the Lanham Act and California's trademark, tradename and unfair competition laws. Cal. Bus. & Prof.Code §§ 14320(a), 14400, 14402; *Stork Restaurant v. Sahati*, 166 F.2d 348 (9th Cir. 1948).

Defendant has attacked the injunction entered below on a number of grounds. First he contends that plaintiff is not entitled to either state or federal injunctive relief because, in his view, the district court erred in finding that defendant's use of the name "Golden Door" was likely to cause confusion. Plaintiff concedes that under both the Lanham Act and California law it bore the burden of showing that confusion was likely,[1] but argues that the district court's determination of this issue is amply supported by the record.

In finding that confusion was likely the district court considered six so–called "preliminary" factors and made specific findings with respect to each of them. Those factors set forth in a number of opinions by this Court (e. g. *J. B. Williams Co., Inc. v. Le Conte Cosmetics*, 523 F.2d 187, 191 (9th Cir. 1975); *Carter–Wallace Inc. v. Proctor & Gamble Co.*, 434 F.2d 794, 800 (9th Cir.

---

* Honorable Leland C. Nielsen, United States District Judge, Southern District of California, sitting by designation.

1. Because plaintiff concedes that the "likelihood of confusion" test applies to both its state and federal claims we need not determine whether a lesser showing is permissible under California law.

1970) were: similarity in appearance, sound and meaning; the class of goods or services involved; the intent of defendant; the strength or weakness of the mark; and the evidence of actual confusion.

■ In reviewing the district court's determination that confusion was likely, this Court must engage in a two–step analysis. *J. B. Williams Co., Inc. supra*, 523 F.2d at 191–192. First, each determination the district court made with respect to each of the preliminary factors must be treated as a finding of fact and reviewed under the clearly erroneous standard; then the ultimate conclusion the district court drew from those factors must be considered as a discrete legal question, subject to unrestrained review by this Court. *Alpha Industries v. Alpha Steel, Etc.*, 616 F.2d 440, 443–444 (9th Cir. 1980).

In this case none of the district court's preliminary findings were clearly erroneous. The district court first found that defendant's use of the name "Golden Door" is similar to plaintiff's trade and service marks. This finding is supported by evidence that defendant prominently featured the words "Golden Door" in his signs and advertisements and by evidence that his employees answered the telephone by saying "Golden Door". Defendant's attempt to distinguish the names on the grounds that he used the terms "Golden Door Coiffeur" and "Golden Door for Hair" is unpersuasive.

The district court also found that the parties' services overlap. In attacking this finding the defendant makes much of the difference in the parties' businesses. However there is sufficient similarity in the general nature of the two businesses to support the district court's finding. Both businesses are part of the beauty–care industry; both parties provide hair and beauty services; in addition plaintiff markets cosmetics and hair–care products under the "Golden Door" trademark.

The district court next found that the parties' market areas overlap. While defendant argues that the distance between the parties' businesses would minimize any overlap, he concedes that the district court's finding on this issue is not clearly erroneous and thus we must uphold it as well.

The district court also found that plaintiff's mark was strong enough to deserve protection under the Lanham Act. As the district court explained:

. . . Names may be divided into four categories for the purpose of determining eligibility for trademark status and the degree of protection afforded. (i) Generic names are not entitled to trademark protection. (ii) Descriptive names receive protection only if they have acquired secondary meaning as denoting goods or services provided only by a particular producer. [Citations] (iii) 'Suggestive' names are closely related to descriptive terms, and are protected without proof of secondary meaning if they '[require] imagination, thought and perception to reach a conclusion as to the nature of goods [or services].' [Citations] (iv) Names which are fanciful or arbitrary are strong trademarks, and are entitled to the greatest protection. *Golden Door, Inc. v. Odisho, supra*, 437 F.Supp. at 963–964.

The district court placed plaintiff's name in the suggestive category because, "it requires some imagination to connect the words 'golden door' to the beneficial effects of plaintiff's services, and the name does not merely describe the quality of goods and services provided." *Golden Door, Inc. v. Odisho, supra*, 437 F.Supp. at 964. The district judge also found that even if plaintiff's name were merely descriptive, it nonetheless has acquired a secondary meaning by which it has become associated in the minds of the public with plaintiff's health and beauty services and products.

In attacking the strength of plaintiff's mark defendant argues that it is weak because it only describes the beneficial effects of plaintiff's services. We reject this argument for two reasons: first we agree with the district court that some imagination is required to connect plaintiff's name with the benefits plaintiff offers; moreover the

district court's finding that a secondary meaning has attached is supported by evidence of the extensive media coverage plaintiff's spa has received. In sum, we concur with the district court's judgment as to the relative strength of plaintiff's mark.

With respect to two factors the district court found in defendant's favor. First the district court found that defendant adopted the name "Golden Door" in good faith in 1965. Plaintiff has attacked this finding on the grounds that the wide publicity the spa received should have put defendant on notice as to plaintiff's existence. Plaintiff also relies on the testimony of one of defendant's employees that she was aware of plaintiff's spa in 1965. Defendant however has claimed that he did not know about the Golden Door spa until he received a letter from plaintiff in 1977 asking him to change the name of his salons. Defendant has also claimed that before adopting the name "Golden Door" he examined local telephone directories. In finding that defendant innocently adopted the name "Golden Door" the district court obviously credited defendant's claims and minimized any inferences that might be drawn from plaintiff's evidence. In weighing the evidence in this manner the district court acted well within the bounds of its fact-finding role as described in *J. B. Williams, Inc., supra,* and it cannot be said that the conclusion it drew was clearly erroneous.

The district court also found no evidence of actual confusion; both parties concede that none was presented and this preliminary finding, like the others, must be upheld.

Having upheld each of the district court's preliminary findings, this Court must now determine what legal conclusion should be drawn from those findings. *Alpha Industries v. Alpha Steel, Etc., supra,* 616 F.2d at 443–444. While no single factor is determinative of the ultimate legal issue (*J. B. Williams, Inc., supra,* 523 F.2d at 192) recent decisions by this Court indicate that some factors are entitled to greater weight than others. For instance the similarity of any competing marks is of substantial im-

portance. In both *J. B. Williams, Inc., supra,* and *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341 (9th Cir. 1979) the district courts' legal conclusions were overturned although this Court only disagreed with the district courts' findings with respect to the issue of similarity. Conversely, a showing of good faith is not very probative as to the likelihood of confusion. *AMF, Inc.,* 599 F.2d at 354. (However a showing of knowing adoption of another mark would be entitled to great weight because a defendant is presumed able to accomplish his purpose. *AMF, Inc.,* 599 F.2d at 354.) Finally, because evidence of actual confusion is difficult to produce that factor:

> is weighed heavily only when there is evidence of past confusion or, perhaps, when the particular circumstances indicate such evidence should have been available. *AMF, Inc.,* 599 F.2d at 353.

■ In this case there was a strong showing of similarity between the defendant's and plaintiff's names. This similarity, considered in light of the parties' overlapping services, overlapping markets, and the secondary meaning plaintiff established, make a convincing case for the probability of confusion. The only findings which support defendant–his good faith and the lack of any actual confusion–are not, as we have seen, entitled to great weight. Thus this Court finds that defendant's use of the name "Golden Door" is likely to cause confusion and that plaintiff is entitled to an injunction under both federal and state law.

■ Defendant next argues that his good faith bars operation of any state or federal injunction in San Mateo County. Under 15 U.S.C. § 1115(b), if a defendant establishes innocent pre–registration use of a federal mark, no federal injunction will issue in the area of such prior use. Under California law, however, prior innocent use is no defense to claims for unfair competition or tradename and trademark infringement. *Southland v. Schubert,* 297 F.Supp. 477, 480 (C.D.Cal.1968); Cal.Bus. & Prof.Code, §§ 14400, 14402. In this case the district court found that defendant innocently adopted the name "Golden Door" in 1965,

prior to plaintiff's first registration of the name in 1966, used the name continuously since that date and thus had perfected a § 1115(b) defense. Hence the court ruled that in San Mateo County, the area of defendant's innocent use, defendant was enjoined only by California law.

On appeal defendant contends that his § 1115(b) defense protects him from state as well as federal injunctive relief. He relies principally on dicta from *Mister Donut of America, Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 844 (9th Cir. 1969), wherein the court said:

> What the effect of this California statutory provision might be if the Lanham Act had not been passed by Congress, we need not decide. The Lanham Act has pre-empted the field of trademark law and controls. It follows that the defense provided in Sec. 1115(b)(5) of the Act cannot be voided by state statute.

The district court, relying on the holding in *Mariniello v. Shell Oil Co.*, 511 F.2d 853 (3rd Cir. 1975) rejected this preemption argument and the *Mister Donut* dicta. In *Mariniello* the 3rd Circuit said:

> Where conflict is alleged between federal and state law, the specific purpose of the federal act must be ascertained in order to assess any potential erosion of the federal plan by operation of the state law. The limited intent of Congress in enacting the Lanham Act is thus crucial to the discussion in the present case. Within the ambit of its intended operation, the Lanham Act expresses a Congressional design to legislate so that the public can buy with confidence, and the trademark holder will not be pirated. If state law would permit confusing or deceptive trademarks to operate, infringing on the guarantee of exclusive use to federal trademark holders, then the state law would, under the Supremacy Clause, be invalid. . . . 511 F.2d at 858.

■ Like the district court, we agree with this preemption analysis of the Lanham Act and reject the *Mister Donut* dicta. Under this analysis § 1115(b) cannot be said to preempt this plaintiff's rights under California law. By extending to federal registrants greater protection than is available under the Lanham Act, California law, like the Act, protects both the public from confusion about the services and products it is receiving and the public relations investment of plaintiff.

■ Finally defendant contends that under Business & Professions Code § 14342 his innocent prior use of the name "Golden Door" bars any state injunction. As the district court pointed out:

> The defense under § 14342 is limited, however, to the enforcement of confusingly similar *service marks* and is not available against a *trademark* cause of action. Plaintiff has a cause of action under § 14320(a) for infringement of its *trademark* by defendant's use of its name which is likely to cause confusion or be deceptive as to the source of the services offered by defendant. . . . *Golden Door, Inc. v. Odisho, supra*, 437 F.Supp. at 965–966.

Having found none of defendant's contentions persuasive the judgment appealed from is AFFIRMED.