50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HGI MARKETING SERVICES, INC., Plaintiff-Appellee,
v.
PEPSICO INC.; Taco Bell Corp., Defendants-Appellants.
 Nos. 93-55968, 93-56370.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1994.
Decided March 3, 1995.
 
 Before: BROWNING, and GOODWIN, Circuit Judges, and QUACKENBUSH,* District Judge
 MEMORANDUM**
 We reverse the district court's grant of summary judgment for HGI on Taco Bell's counterclaims[1] and remand.
 I. Counterclaims Based on "Make a Run for the Border"
 Because Taco Bell owned and made prior use of "Make a Run for the Border," it would prevail on its counterclaims if HGI's "Run for the Border" was confusingly similar to Taco Bell's "Make a Run for the Border." See Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir.1988) (crucial issue for federal trademark infringement and California unfair competition actions is whether defendant's mark creates a likelihood of confusion). We have found infringement in analogous cases where the two marks, although not identical, contained similar words. See id. at 1179 (finding likelihood of confusion between "Century Investments & Realty" and "Century 21"); Golden Door, Inc. v. Odisho, 646 F.2d 347, 349-51 (9th Cir.1980) (upholding injunction based on finding that "Golden Door for Hair" and "Golden Door Coiffeur" were confusingly similar to plaintiff's trademark, "Golden Door"); Apple Computer, Inc. v. Formula Int'l, Inc., 725 F.2d 521, 526 (9th Cir.1984) (upholding district court's decision to preliminarily enjoin use of "Pineapple" trademark due to likelihood of confusion with "Apple" trademark).
 Taco Bell clearly raised the issue of confusing similarity and introduced substantial evidence regarding each of the six factors that guide a court's determination of likelihood of confusion. See Century 21, 846 F.2d at 1179 (listing factors). Because Taco Bell's use of "Make a Run for the Border" admittedly preceded HGI's use of "Run for the Border," the district court's failure to consider this issue was error.
 II. Counterclaims Based on Prior Use of "Run for the Border"
 The district court dismissed Taco Bell's prior use counterclaims based upon a determination that HGI was the senior user of "Run for the Border" and that Taco Bell was unable to prove ownership of the "Run for the Border" mark. In so ruling, the district court ignored evidence supporting Taco Bell's claim of prior use. Although registration of a mark creates a rebuttable presumption of ownership, 15 U.S.C. Sec. 1115(a), and prior use must be established by clear and convincing evidence, Wells Fargo & Co. v. Stagecoach Properties, Inc., 685 F.2d 302, 304 n. 1 (9th Cir.1982), HGI's registration of "Run for the Border" does not, as a matter of law, foreclose Taco Bell's counterclaims. Because Taco Bell raised genuine issues of material fact as to both actual prior use and the applicability of tacking, the district court erred by granting summary judgment to HGI on Taco Bell's counterclaim that Taco Bell's use of "Run for the Border" was prior to HGI's use of that trademark.
 A. Actual Prior Use
 Use of a trademark in promotional activities may establish prior use if extensive enough to create an association of the mark and the goods with the user. See New West Corp. v. Nym Co., 595 F.2d 1194, 1200 (9th Cir.1979). In support of its claim of prior use, Taco Bell produced affidavits from two employees describing various promotional activities involving the phrase "Run for the Border," a draft of a coupon distributed in Texas that contained the same phrase, a letter from an Ohio radio station manager to Taco Bell store managers explaining an upcoming "Run For the Border Sweepstakes Contest," and an article in the magazine ADWEEK discussing Taco Bell's new "Run for the Border" advertising campaign. This evidence was sufficient to create a genuine issue of material fact as to whether Taco Bell had established prior use.
 B. "Tacking"
 The use of one mark may be tacked to the use of another if the two marks constitute legal equivalents that create the same continuing commercial impression. The legal equivalence standard is higher than that used in evaluating two competing marks: two marks may not be legal equivalents even if they are found to be confusingly similar. Van Dyne-Crotty, Inc. v. Wear-Guard Corp., 926 F.2d 1156, 1159 (Fed.Cir.1991). Applying this high standard, courts have upheld tacking claims where additional words in one mark do not help identify the origin of the goods--a theory potentially applicable to this case. See American Security Bank v. American Security & Trust Co., 571 F.2d 564, 567 (C.C.P.A.1978) (holding that "AMERICAN SECURITY" could be tacked on to "AMERICAN SECURITY BANK").
 In rejecting Taco Bell's tacking theory, the district relied primarily on the conclusions of the examining attorney who considered Taco Bell's trademark application for "Run for the Border." The findings of the examining attorney are entitled to little deference, however, because they were based on a skimpy record and were made at the lowest administrative level. See Carter-Wallace, Inc. v. Proctor & Gamble Co., 434 F.2d 794, 801-02 (9th Cir.1970). Taco Bell presented only one example of its use of "Run for the Border" to the examining attorney. In contrast, Taco Bell offered several different examples to the district court and introduced evidence that "Run for the Border" had been used together with "Make a Run for the Border" in the same advertising campaign. Taken as a whole, Taco Bell's evidence was sufficient to create a genuine issue of material fact as to whether Taco Bell's use of "Make a Run for the Border" and "Run for the Border" created the same commercial impression.
 III. Taco Bell's Motions for Summary Judgment and a Preliminary Injunction
 A. Summary Judgment
 Taco Bell urges us to enter summary judgment in Taco Bell's favor. We decline to do so. The district court has yet to consider Taco Bell's counterclaim based on infringement of "Make a Run for the Border." In addition, disputed factual issues remain as to whether the extent of Taco Bell's use of "Run for the Border" before HGI's use of that mark was sufficient to establish a connection between Taco Bell and the mark. Finally, HGI's evidence regarding the differences in Taco Bell's use of "Run for the Border" and "Make a Run for the Border" raised genuine issues of fact with respect to Taco Bell's tacking theory.
 B. Preliminary Injunction
 The district court's denial of Taco Bell's motion for a preliminary injunction rested upon the court's summary dismissal of Taco Bell's counterclaims. Because we reverse the latter, the district court's rationale for denying Taco Bell's motion for preliminary injunction is no longer available. Accordingly, we remand the issue of the preliminary injunction for further consideration.
 Taco Bell asks that we direct the district court to enter the injunction. However, the district court has not made the necessary factual findings to decide whether a preliminary injunction is warranted. It made no factual finding as to the likelihood of confusion between "Make a Run for the Border" and "Run for the Border." Moreover, because the court granted summary judgment for HGI on the merits, it did not consider the issues of irreparable harm and the relative hardships between the parties. Taco Bell and HGI point to conflicting evidence as to the harm each would suffer. The district court must determine on remand whether a preliminary injunction is appropriate based either on HGI's alleged infringement of "Make a Run for the Border" or Taco Bell's asserted prior use of "Run for the Border."
 IV. HGI's Equitable Arguments
 HGI makes a number of equitable arguments in favor of affirmance. Because the district court ruled in HGI's favor on other grounds, it did not make the factual findings relevant to HGI's equitable arguments, and we do not address them.
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Justin L. Quackenbush, Chief District Judge, United States District Court for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We treat the decision as a grant of summary judgment for HGI on Taco Bell's counterclaims because the parties submitted, and the district court considered, matters outside the pleadings. Cf. Del Monte Dunes at Monterey, Ltd. v. Monterey, 920 F.2d 1496, 1507 (9th Cir.1990) (treating 12(b)(6) motion to dismiss as motion for summary judgment because parties submitted evidence outside the pleadings)