WELLS FARGO & COMPANY and
Wells Fargo Bank, N.A., Plaintiffs,

v.

WELLS FARGO CONSTRUCTION COM-
PANY, and Donald Lee Husk and
Kathleen Karen Husk, individually
and/or as a partnership, dba Wells Far-
go Construction Company, Defendants.

No. CIV 84–2387 PHX CLH.

United States District Court,
D. Arizona.

Oct. 1, 1985.

Streich, Lang, Weeks & Cardon, Phoenix, Ariz., Flehr, Hohbach, Test Albritton & Herbert, San Francisco, Cal., for plaintiffs.

Albert E. Van Wagner, Jr., P.C., Phoenix, Ariz., for defendants.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

In this action for trademark infringement and unfair competition, the plaintiffs have moved for a preliminary injunction enjoining the defendants from using the words "Wells Fargo" in connection with their business. The motion will be granted. This memorandum shall constitute the findings of fact and conclusions of law required by Rule 52 of the Federal Rules of Civil Procedure.

In 1852 Wells Fargo & Company was organized as a joint-stock company of the State of New York for the purpose of conducting a banking and express business. The company established offices in California, on the Eastern Seaboard of the United States and in Europe.

In 1857 Wells Fargo & Company and others established the Overland Mail Company for the purpose of operating a stagecoach line from Missouri to California.

In 1866 Wells Fargo & Company and other stagecoach and express lines were consolidated under a Colorado charter as "Wells Fargo & Company."

The Colorado Wells Fargo & Company continued in existence until 1969.

In 1905 the Wells Fargo & Company banking business in California was spun off and merged with another bank to form the Wells Fargo Nevada National Bank.

In 1923 the Wells Fargo Nevada National Bank merged with Union Trust Company to form Wells Fargo Bank and Union Trust Company. In 1954 the name of the bank was shortened to Wells Fargo Bank. In 1960 Wells Fargo Bank merged with the American Trust Company to form the Wells Fargo Bank American Trust Compa-

ny. Again, the name was subsequently shortened to Wells Fargo Bank.

Wells Fargo Bank is the eleventh largest bank in the United States. As of August 1, 1985, it had 14,795 customer accounts in the State of Arizona.

In 1962 a California corporation, Wells Fargo & Company, was formed as a bank holding company. Wells Fargo Bank, N.A., became one of its subsidiaries. The new company also acquired from the Colorado Wells Fargo & Company all the remaining rights to the Wells Fargo name.

Wells Fargo & Company owns a number of subsidiaries which are engaged in non-retail banking activities. One subsidiary, Wells Fargo Credit Corporation, has its headquarters in Scottsdale, Arizona, and its Arizona regional office in Phoenix. It provides home equity loan services to homeowners for purposes such as home improvement, automobile purchase, and vacation or educational purposes. Another non-bank subsidiary, Wells Fargo Realty Advisors, provides services for the real estate department and construction industry. It has a regional office in Phoenix, Arizona.

Wells Fargo & Company is the owner of United States Service Mark Registration 779,187 issued October 27, 1964, for the WELLS FARGO mark for banking and trust services; United States Service Mark Registration 1,136,497 issued May 27, 1980, for the WELLS FARGO mark for services which include mortgage investment trust services; United States Service Mark Registration 1,167,626 issued September 1, 1981, for the WELLS FARGO mark for real estate brokerage services; United States Service Mark Registration 1,171,558 for the mark which includes the name "Wells Fargo Credit Corporation" and the symbol of a stagecoach; and, a number of other service and trademark registrations that use "Wells Fargo." Wells Fargo & Company has granted licenses to Baker Industries, Inc. to use "Wells Fargo" in certain businesses.

Wells Fargo Construction is an Arizona corporation. Its officers are Donald Lee Husk and Kathleen Karen Husk. Mr.

712

Husk selected the name Wells Fargo Construction. He observed "Wells Fargo Avenue" on a street sign in Scottsdale, Arizona, and felt that "Wells Fargo" would give the name of his company an appropriate western flavor. He had no specific intention of trading on the good will of Wells Fargo & Company or Wells Fargo Bank.

Wells Fargo Construction was incorporated in 1983. Its name is registered as a trademark with the Secretary of State and the Corporation Commission of Arizona.

Wells Fargo Construction is licensed in the State of Arizona as a general residential construction contractor. It has done business throughout the State of Arizona. Most of its business has been in Maricopa County. It advertises in the telephone directory yellow pages. It once ran a newspaper advertisement that stated, "financing available." It has used various promotional items bearing its name including ball caps, calendars, emergency stickers and note pads.

A preliminary injunction is properly granted if the moving party demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardship tips sharply in favor of the moving party. *Martin v. International Olympic Committee*, 740 F.2d 670, 674–75 (9th Cir.1984).

Plaintiff will likely succeed on the merits. Its Federal Trademark Registration Number 779,187 is incontestable. *See* 15 U.S.C. § 1065. The incontestable registration is conclusive evidence of plaintiffs' exclusive right to use "Wells Fargo" in connection with its banking and trust services. *See* 15 U.S.C. § 1115(b). However, even where a trademark is incontestable, there can be no liability for trademark infringement unless there is a likelihood of confusion. *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 725 F.2d 1240, 1243 (9th Cir.1984).

In determining the likelihood of confusion, relevant factors to consider include (1) the strength of the marks, (2) the proximity of the services, (3) the similarity of the marks, (4) evidence of actual confusion and (5) the defendants' intent in selecting the marks. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir.1979). Here, the strength of plaintiffs' trademark is established by their federal trademark registrations and by virtue of the continuous use of the trademark by plaintiffs and their predecessors since 1852; by their substantial advertising, promotion and sales of their services throughout the United States; and by their fame and reputation. In *Wells Fargo & Co. v. Wells Fargo Express Co.*, 358 F.Supp. 1065, 1081 (D.Nev.1973), *remanded on other grounds*, 556 F.2d 406 (9th Cir.1977), the district court took "judicial notice of the national notoriety of the historic name owned by the plaintiffs."

The plaintiffs and their subsidiaries, Wells Fargo Credit Corporation and Wells Fargo Construction Company, and the defendant offer their services in Arizona. The credit company has offices in Phoenix and Scottsdale, the realty advisors has an office in Phoenix, and defendants' office is in Glendale.

The addition of the generic term "Construction Company" is not sufficient to avoid any confusion that may result from defendants' use of "Wells Fargo." Indeed, it may lead others to believe that the construction company is a subsidiary of Wells Fargo & Company or that the defendants were granted a license by plaintiffs to use the mark. *Cf. A.T. Cross Co. v. Jonathan Bradley Pens, Inc.*, 470 F.2d 689 (2d Cir. 1972); *Burger King Corp. v. Mason*, 710 F.2d 1480 (11th Cir.1983), *reh'g denied* 718 F.2d 1115, *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984).

Plaintiffs are not required to show actual confusion, but only a likelihood of confusion. *See J.B. Williams Co., Inc. v. Le Conte Cosmetics, Inc.*, 523 F.2d 187, 191 (9th Cir.1975). However, in this case there is some evidence of actual confusion. On two occasions persons telephoned Wells Fargo Credit Corporation and asked for the telephone number of Wells Fargo Construction Company. Proof of actual confusion is proof of the likelihood of confusion.

*See World Carpets, Inc. v. Dick Littrell's New World Carpets,* 438 F.2d 482, 489 (5th Cir.1971).

Plaintiffs also are not required to establish that the likelihood of confusion arose from intentional conduct by the defendants. *Frisch's Restaurants, Inc. v. Elby's Big Boy,* 670 F.2d 642, 647 (6th Cir.1982).

Considering the foregoing factors, I conclude that plaintiffs will probably succeed on the likelihood of confusion issue.

Plaintiffs also have established the possibility of irreparable damage. "... [D]amages occasioned by trademark infringement are by their very nature irreparable and not susceptible of adequate measurement for remedy at law." *Processed Plastic Co. v. Warner Communications, Inc.,* 675 F.2d 852, 858 (7th Cir.1982).

Under the alternate test for issuance of a preliminary injunction, serious questions are presented here concerning the right to use "Wells Fargo" in Arizona. However, it is difficult to believe that the balance of hardship tips sharply in the plaintiffs' favor. The use of "Wells Fargo" by a little "mom and pop" construction company in Glendale, Arizona, is hardly likely to bring great hardship to the eleventh largest bank in the United States.

IT IS ORDERED denying plaintiffs' motion to strike defendants' response to motion for preliminary injunction.

IT IS FURTHER ORDERED granting plaintiffs' motion for a preliminary injunction enjoining the defendants, their agent, employees, attorneys, officers, servants and all persons in active concert with defendants from using "Wells Fargo" in the business of a building contractor and requiring the defendants, within 96 hours of the date of the injunction, to deliver up to the plaintiffs, to be held for possible destruction after trial, all advertising and promotional materials, brochures, business stationary, calling cards, information sheets, posters, signs and any and all other printed or graphic materials which bear

thereon the name "Wells Fargo" or any confusingly similar variations thereof.

IT IS FURTHER ORDERED that the bond to be filed by plaintiffs to secure the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined, shall be for $50,000.

IT IS FURTHER ORDERED that counsel for plaintiffs prepare an appropriate preliminary injunction consistent with this memorandum.