595 F.2d 1167
 202 U.S.P.Q. 241
 The JOCKEY CLUB, INC., and Jockey Clubs International, Inc.,
Plaintiffs-Appellants,
v.
JOCKEY CLUB OF LAS VEGAS, INC., Jockey Club Corp., Sultan
Corporation and Scribe Property Group, Inc.,
Defendants-Appellees.
 No. 77-1408.
 United States Court of Appeals,
Ninth Circuit.
 April 30, 1979.
 
 Leslie D. Taggart (argued), New York City, for plaintiffs-appellants.
 Roland N. Smoot, Los Angeles, Cal., Leonard I. Gang, Las Vegas, Nev., for defendants-appellees.
 Appeal from the United States District Court for the District of Nevada.
 Before SNEED and KENNEDY, Circuit Judges, and D. WILLIAMS,* District Judge.
 SNEED, Circuit Judge:
 
 
 1
 Plaintiffs appeal from a judgment in favor of defendants in a suit for trade name and service mark infringement and for unfair competition under 15 U.S.C. § 1125(a). The case was tried before the District Court for the District of Nevada without a jury. Jurisdiction of the district court was founded upon 15 U.S.C. § 1125(a) and 28 U.S.C. § 1338. We affirm.
 
 
 2
 Plaintiffs operate condominium apartments with a private membership club on the premises in Miami, Florida. They also operate a hotel in St. Croix and have plans for further expansion under the Jockey Club name. Although restaurants and bars in many cities use the name Jockey Club, apparently plaintiffs were the first to use it in connection with such a condominium and club. Defendants operate a subsequently created condominium and club facility in Las Vegas under the Jockey Club name. Plaintiffs contend that the name Jockey Club is unique as applied to its facility and that defendants should not be allowed to use this name for a similar facility that caters to the same type of clientele.
 
 
 3
 In both trademark and trade name cases, the test of infringement is whether a likelihood of confusion exists. Fleischmann Distilling Corp. v. Maier Brewing Co., 314 F.2d 149, 151-52, 160 (9th Cir.), Cert. denied, 374 U.S. 830, 83 S.Ct. 1870, 10 L.Ed.2d 1053 (1963). Each case turns on its own facts. The factors to be considered in applying this test include "the strength or weakness of the marks, similarity in appearance, sound, and meaning, the class of goods in question, the marketing channels, evidence of actual confusion, and evidence of the intention of defendant in selecting and using the alleged infringing name." J. B. Williams Co. v. Le Conte Cosmetics, Inc., 523 F.2d 187, 191 (9th Cir. 1975), Cert. denied, 424 U.S. 913, 96 S.Ct. 1110, 47 L.Ed.2d 317 (1976). The question of likelihood of confusion can be one of fact or law. Id. at 190.
 
 
 4
 In this case the trial court's conclusion was predicated upon the resolution of three critical factual issues the strength or weakness of the mark in question, the existence or no of a secondary meaning (I. e., whether the mark indicates the source of the product), and defendants' motives in adopting "Jockey Club" as the name of their Las Vegas facility. The trial court's findings of fact are not to be set aside unless clearly erroneous. See id. at 190-91; Carter-Wallace, Inc. v. Procter & Gamble Co., 434 F.2d 794, 799 (9th Cir. 1970).
 
 
 5
 The district court found that "the term Jockey Club is neither fictitious, fanciful nor arbitrary. It is not distinctive immediately and of itself." Clerk's Record at 456. See HMH Publishing Co. v. Brincat, 504 F.2d 713, 717-18 (9th Cir. 1974). Plaintiffs, the court found, chose the name because of its known connotations of wealth and high social status. In view of the weakness of "Jockey Club" as a mark, the trial court held that plaintiffs have no protectable interest therein unless they establish either secondary meaning or scienter possessed by the defendants. Clerk's Record at 457. The court found that plaintiffs failed to prove that "Jockey Club," in the minds of the consuming public, had come to denote "a single thing coming from a single source." Clerk's Record at 458. See Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 118, 59 S.Ct. 109, 83 L.Ed. 73 (1938). The court also found that although defendants knew that the plaintiffs and others were using the Jockey Club name, defendants did not know the nature of plaintiffs' Miami facility nor were they trying to exploit plaintiffs' good will.
 
 
 6
 Upon review of the record, we cannot say that the district court erred as a matter of law nor can we conclude that its findings of fact were clearly erroneous.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Hon. David W. Williams, United States District Judge, for the Central District of California, sitting by designation