**ALPHA INDUSTRIES, INC., Plaintiff-Appellant,**

v.

**ALPHA STEEL TUBE & SHAPES, INC., Defendant-Appellee.**

No. 78–2092; CV 77–0221–IH.

United States Court of Appeals, Ninth Circuit.

April 4, 1980.

---

Thomas N. Young, Troy, Mich. (argued), for plaintiff-appellant; Thomas P. Mahoney, Santa Monica, Cal., Krass & Young, Troy, Mich., on brief.

Marvin Jubas (argued), Spensley, Horn, Jubas & Lubitz, Los Angeles, Cal., on brief for defendant-appellee.

Before WALLACE and TANG, Circuit Judges, and HANSON,* District Judge.

TANG, Circuit Judge:

This is an action for trademark and tradename infringement (15 U.S.C. § 1051 *et seq.*), unfair competition, and false designation of origin under 15 U.S.C. § 1125(a). Plaintiff-Appellant Alpha Industries, Inc. ("Alpha Industries" or "Appellant") sought to have Defendant-Appellee Alpha Steel Tube and Shapes, Inc. ("Alpha Tube" or "Appellee") enjoined from using the name and mark ALPHA and all confusingly similar designations. The district court found on all counts for Appellee. Alpha Industries appealed. Although the term in ques-

* Honorable William C. Hanson, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

tion is "alpha," the issues involved are not of first impression in the circuit. Under the standard of review set forth in applicable cases, the district court is affirmed.

Alpha Industries is a manufacturer of capital goods which are sold to tubing manufacturers and to companies who manufacture consumer goods from tubing. Its offices and plant are in Michigan. Alpha Industries sells under the registered mark ALPHA and is the senior user of the mark and name by 40 years.

Alpha Tube is a manufacturer of steel tubing and sells tubing to companies who manufacture consumer goods from tubing. Its offices and plant are in California. Its full name is Alpha Steel Tube & Shapes, Inc. It does not use the mark ALPHA in isolation, but always with other words, e. g., ALPHA STEEL TUBE and ALPHA STEEL TUBE & SHAPES.

Two issues are presented: first, a determination of the appropriate standard of review, and second, a review of the district court's decision according to that standard.

### I. STANDARD OF REVIEW

■ The central question is the "likelihood of confusion" as to the identity or association between Alpha Industries and Alpha Tube due to their common use of the name and mark ALPHA. "Likelihood of confusion exists when consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 589 F.2d 1225, 1229 (3d Cir. 1978). *See also Faberge, Inc. v. Saxony Products, Inc.*, 605 F.2d 426, 428 (9th Cir. 1979); *New West Corp. v. NYM Company of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979). The district court concluded there was no likelihood of confusion. The threshold question is: what standard is used in reviewing the district court's conclusion?

Appellant Alpha Industries argues that "likelihood of confusion" is a legal test and, as such, may be reviewed independently by the appellate court, citing the older case of

*Continente v. Continente*, 378 F.2d 279 (9th Cir. 1967). Appellee Alpha Tube argues that the clearly erroneous standard is the proper one because the appellant's challenges are to the underlying factual bases of the district court's conclusion.

■ The determination of likelihood of confusion is based on a weighing of several objective factors including, e. g., similarity of the marks and evidence of actual confusion. Earlier decisions concerning the proper standard of review were confusing and apparently inconsistent. In 1975, however, in *J. B. Williams Co., Inc. v. Le Conte Cosmetics, Inc.*, 523 F.2d 187 (9th Cir. 1975), *cert. denied*, 424 U.S. 913, 96 S.Ct. 1110, 47 L.Ed.2d 317 (1976), the court delineated the proper standard of review with more clarity and reconciled the prior cases. A two level test is used, depending on whether the facts are disputed.

Whether likelihood of confusion is more a question of law or one of fact depends on the circumstances of each particular case. To the extent that the conclusion of the trial court is based solely upon disputed findings of fact, the appellate court must follow the conclusion of the trial court unless it finds the underlying facts to be clearly erroneous. Thus, this Court has refused on many occasions to decide de novo the facts underlying the trial court's determination of whether likelihood of confusion existed. [citing cases] However, if the facts are not in dispute, the appellate court is "in as good a position as the trial judge to determine the probability of confusion." [citing cases]

*J. B. Williams*, 523 F.2d at 190. *Accord AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 347 (9th Cir. 1979).

In assessing whether there is likelihood of confusion, a court first considers numerous factors and then, based thereon, determines whether there exists a likelihood of confusion. With the analysis so structured, the *J. B. Williams* and *AMF, Inc.* courts held that the determination of what is the state of affairs regarding each factor (a "founda-

tional fact") is a finding of fact reviewed on the clearly erroneous standard, but the further determination of likelihood of confusion based on those factors is a legal conclusion. *See J. B. Williams*, 523 F.2d at 191–92; *AMF, Inc.*, 599 F.2d at 348–54 (applying two-level test as described here).

■ This is the test to be applied in the instant case. Appellant Alpha Industries argues that the district court erred in its consideration of five of the underlying factors, namely:

1. The similarity of the marks.
2. Evidence of actual confusion.
3. Relationship between appellant's and appellee's goods and channels of trade.
4. The strength of appellant's mark.
5. Appellee's intent in adopting its mark.

The district court's findings on these factors are reviewed under the clearly erroneous standard. The district court's further conclusion, based on those findings, that there is no likelihood of confusion is reviewed as a legal question.

## II. THE DISTRICT COURT'S DETERMINATION

### A. The District Court's Findings as to the Foundational Facts

#### 1. Similarity of the marks

Appellant's tradename is ALPHA INDUSTRIES, INC., and its trademark is ALPHA. Appellee's tradename is ALPHA STEEL TUBE & SHAPES, INC., and its trademark ALPHA STEEL TUBE or ALPHA STEEL. The district court found that the tradenames and trademarks, taken as a whole, are not confusingly similar. Appellant argues that the district court should have looked principally to the lead word "ALPHA" and should not have compared the marks and names "taken as a whole."

■ "Similarity of the marks . . . must be considered as they are encountered in the marketplace. Although similarity is measured by the marks as entities, similarities weigh more heavily than differences." *AMF, Inc.*, 599 F.2d at 351. The comparison should be made "in light of what occurs in the marketplace," taking into account the "circumstances surrounding the purchase of the goods." *Walt Disney Productions v. Air Pirates*, 581 F.2d 751, 759 (9th Cir. 1978), *cert. denied*, 439 U.S. 1132, 99 S.Ct. 1054, 59 L.Ed.2d 94 (1979) (quoting *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 275 (7th Cir. 1976), *later appeal*, 572 F.2d 574 (7th Cir. 1978), and *Proctor & Gamble Co. v. Conway*, 419 F.2d 1332, 1335, 57 C.C.P.A. 865 (1970).

■ Thus, considering the marks and names in their entirety and as they appear in the marketplace, the district court's finding is not clearly erroneous. Appellant often uses the word ALPHA alone and in a distinctive logo; Appellee uses ALPHA always in conjunction with another word or words (steel, tube, shapes). These other words are significant words, indicating a different origin, not merely descriptive words.[1] Moreover, one of the circumstances surrounding the purchase of these goods is the fact that the purchasers are knowledgeable, sophisticated specialists in their areas.

#### 2. Evidence of actual confusion

■ The district court found that there has been no actual confusion as to the source of origin of goods produced by Appellee. The Appellant produced two pieces of evidence to support the claim of actual confusion. The first was the testimony of one Mr. Chifo. Chifo is a tubing manufacturer in California whose firm purchases equipment from Appellant. He had heard

---

1. Appellant cites *American Security Bank v. American Security & Trust Co.*, 571 F.2d 564 (Cust. & Pat.App.1978), for the proposition that merely descriptive words will not serve to distinguish names. But in that case the two names were "American Security" and "American Security Bank" where both businesses were banks. The court held that "Bank" was merely descriptive and so the marks were similar. The differences in the instant case are more substantial.

"on the street" that Appellee Alpha Steel Tube was going to open. During a call to Appellant for other business, he asked why Appellant was opening a tubing business in California. Clearly, he assumed that Appellee's business was connected with Appellant's. However, the source of confusion was an incomplete rumor, not Appellee's actual name, mark, or publicity; and the amount of confusion was slight. The district court was justified in determining it did not amount to actual confusion.

The second piece of evidence was one misdirected telex sent to Appellant, but intended for Appellee. In itself this is weak evidence;[2] and especially in view of other circumstances of this telex as disclosed in the record, the district court's evaluation of it was justified.

"Evidence that use of the two marks has already led to confusion is persuasive proof that future confusion is likely. . . . Proving actual confusion is diffcult, however, . . . and the courts have often discounted such evidence because it was unclear or insubstantial." *AMF, Inc.*, 599 F.2d at 352 (citations omitted). Moreover, selection of a mark with a common word, just as one with a common surname, "naturally entails a risk of some uncertainty and the law will not assure absolute protection." *Scott Paper Co.*, 589 F.2d at 1231 (common surname). The district court's evaluation of the evidence of actual confusion here was not clearly erroneous.

### 3. Relationship between Appellant's and Appellee's goods and channels of trade

■ Appellant is in the business of manufacturing and selling machinery, tools, and parts, especially tube-making and cutting machinery. Appellant generally sells to tubing manufacturers. Appellee, on the other hand, makes and sells steel tubes and shapes. It sells tubing to other manufacturers who make the tubing into products for consumption. The district court found that Appellant's and Appellee's goods are not in the same channel of trade and that the companies are not competitors.

Appellant argues that since the goods are related or complementary, direct competition is not needed to show overlap in channels of trade. This is generally correct. See *AMF, Inc.*, 599 F.2d at 350, 353. But the district court's finding is not that there is no overlap at all, but that on balance it is not significant enough to put the two companies in the same channel of trade. In the facts of this case—where the purchasers are two distinct groups and both knowledgeable, where the items are expensive (implying greater buyer care)—the district court's finding is supportable. Even if the goods should be considered as rather more in the same channel, then the proper analysis is to weigh this factor differently and, correspondingly, look for different weights in other factors. Cf. *AMF, Inc., supra* (if goods are complementary, less similarity of mark is needed to show likelihood of confusion). Thus, even if this factor were reevaluated, the district court's final conclusion is still supportable, in view of the other factors.

### 4. Strength of Appellant's mark

■ The district court found that the word ALPHA is in common usage and has meaning in the English language; that ALPHA occurs in widespread use as a tradename or trademark; and that ALPHA as part of a trademark or tradename is weak. A "strong" mark is one which is used only in a fictitious, arbitrary, and fanciful manner. The best example is a name made up by the user. A "weak" mark is a mark that is a meaningful word in common usage or is merely a suggestive or descriptive trademark. A strong mark is entitled to a greater degree of protection than is a weak one, because of its unique usage. *J. B. Williams*, 523 F.2d at 192. Accord *AMF, Inc.*, 599 F.2d at 345.

■ The word "alpha" is a common one, and the district court's finding that the mark is "weak" is not clearly erroneous. Of course, even "weak" marks are protect-

**2.** Cf. *Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 589 F.2d at 1231 (a few misdirected letters

is extremely minimal evidence and will not support a finding of confusion in the marketplace).

ed. The difference is that if the mark is weak, then a stronger showing as to other factors (overlap of goods, actual confusion, etc.) must be made. *See AMF, Inc.,* 599 F.2d at 350.

### 5. *Appellee's intent in adopting its mark*

██ If the latecomer adopts the name or mark deliberately to capitalize on the prior user's tradename and thus cause and benefit from confusion, that is an important factor in favor of finding the likelihood of confusion. *AMF, Inc.,* 599 F.2d at 354; *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 314 F.2d 149, 158 (9th Cir.), *cert. denied,* 374 U.S. 830, 83 S.Ct. 1870, 10 L.Ed.2d 1053 (1963).

██ The district court found that appellee's adoption of its tradename and trademark was done in good faith without the intention of trading upon any goodwill of Appellant. Appellant presented all its evidence on this point before the district court, and the Appellee, testifying, gave its reasons for adopting Alpha. Those reasons were an advantageous telephone listing and association with the positive philosophy of Alpha mind control. This matter comes down to weighing conflicting testimony and especially evaluating the credibility of Appellee's explanation. The district judge is in the better position to do that; and his finding is within the available evidence. It is not clearly erroneous.

### B. *The District Court's Conclusion*

██ None of the district court's findings on the fundamental facts was clearly erroneous. Accordingly, none of the factors used to establish the likelihood of confusion was shown. Thus, the district court's determination that there was no likelihood of confusion is correct, and we so find.[3]

The judgment of the district court is AFFIRMED.

---

**3.** Appellee Alpha Tube requested the court to find the appeal frivolous and award appellee damages under Fed.R.App.P. 38. Appellant Alpha Industries' initial argument involved the appropriate standard of review. It was remiss of appellant not to cite *J. B. Williams Co., Inc. v. Le Conte Cosmetics, Inc.,* 523 F.2d 187 (9th Cir. 1975), *cert. denied,* 424 U.S. 913, 96 S.Ct.

1110, 47 L.Ed.2d 317 (1976), and *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341 (9th Cir. 1979), which were dispositive of that issue. Although the remaining contentions on appeal are merely challenges to findings of fact reviewed under the clearly erroneous standard, they were not wholly without merit. The appeal was not frivolous under Rule 38.