PARK 'N FLY, INC., Plaintiff-Appellee,

v.

DOLLAR PARK AND FLY, INC.,
Defendant-Appellant.

No. 82–3220.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1983.

Decided Feb. 20, 1986.

Paul L. Gardner, Spensley, Horn, Jabas & Lubitz, Los Angeles, Cal., Alan E. Popkin, Timothy F. Noelker, Jeffrey N. Klar, Popkin, Stern, Heifetz, Lurie, Sheehan, Reby & Chervitz, St. Louis, Mo., for defendant-appellant.

J. Pierre Kolisch, Kolisch, Hartwell & Dickinson, Portland, Or., for plaintiff-appellee.

Before KENNEDY, TANG and POOLE, Circuit Judges.

KENNEDY, Circuit Judge:

We consider this case on remand from the Supreme Court, —— U.S. ——, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985), which reversed our decision, 718 F.2d 327 (9th Cir.1983).

The Supreme Court held that the holder of a registered mark may rely on incontestability, 15 U.S.C. § 1115(b), to enjoin an infringement, and that an action to enjoin the infringement of an incontestable mark may not be defended on the ground that the mark is merely descriptive. 105 S.Ct. at 667. We now consider the remaining issues on appeal.

Dollar Park and Fly, Inc. (Dollar) raised two defenses in the infringement action brought by Park 'N Fly, Inc. (Park 'N Fly). First, Dollar argued that it was relieved of liability for infringement under the prior innocent use exception to incontestability. 15 U.S.C. § 1115(b)(5) (1982). Second, Dollar argued that it had not infringed Park 'N Fly's mark because there was no likelihood of confusion. 15 U.S.C. § 1114 (1982). The district court found that Dollar did not qualify for the prior innocent use exception, and that there was sufficient evidence of likelihood of confusion to justify relief. We affirm.

■ Under 15 U.S.C. § 1115(b)(5), the Lanham Act creates a narrow exception to the conclusive presumption of a registrant's right to use its incontestable mark. The prior innocent use exception applies when the mark has been used by a party or those in privity with it since a date prior to registration of the mark. Dollar argues that it is in privity with a separate corporation in Seattle that has operated an airport parking lot called "Dollar Park-Fly" since a date prior to registration of the mark, and that that corporation shares common ownership with Dollar. Aside from common ownership, however, there is no connection between Dollar and the Seattle corporation. The cases relied upon by Dollar, *In re Gottheiner*, 703 F.2d 1136 (9th Cir.1983), and *Wolff v. Du Puis*, 233 Or. 317, 378 P.2d 707 (1963) (en banc), are inapposite as they involve collateral estoppel and res judicata principles. Even under the definition of privity in the collateral estoppel context, there is no privity between the two separate corporations. The prior innocent use exception is consequently not available to Dollar.

■ We also find that there is sufficient evidence of likelihood of confusion between the marks. *Alpha Industries, Inc. v. Alpha Steel Tube & Shapes, Inc.*, 616 F.2d 440 (9th Cir.1980), set forth five factors for determining whether a likelihood of confusion exists:

1. The similarity of the marks.
2. Evidence of actual confusion.
3. Relationship between appellant's and appellee's goods and channels of trade.
4. The strength of [Park 'N Fly's] mark.
5. [Dollar's] intent in adopting its mark.

*Id.* at 444. We review the district court's finding of a likelihood of confusion under the clearly erroneous standard. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1357–58 (9th Cir.1985) (en banc). The two marks, "Park 'N Fly" and "Park and Fly," are virtually identical, and the services provided by the two parties are precisely the same. Although Park 'N Fly and Dollar operate in different geographical areas, the parties provide services in convergent marketing channels. Customers of each come from and travel to all parts of the country, and they are exposed to Park 'N Fly's signs and advertising in seven major cities nationwide. Though the trial court found no evidence of actual confusion, this is merely one factor to be considered in deciding whether there is a likelihood of confusion, and it is not determinative. *J.B. Williams Company, Inc. v. Le Conte Cosmetics, Inc.*, 523 F.2d 187, 191 n. 5 (9th Cir.1975), *cert. denied*, 424 U.S. 913, 96 S.Ct. 1110, 47 L.Ed.2d 317 (1976). The other two factors—the strength of Park 'N Fly's mark and Dollar's intent in adopting its mark—do not weigh heavily in favor of a finding of infringement. Nevertheless, on balance, the evidence was more than sufficient to support a finding of likelihood of confusion.

Accordingly, the district court's order is AFFIRMED.