**SIDCO INDUSTRIES INCORPORATED, Plaintiff,**

v.

**WIMAR TAHOE CORPORATION, Defendant.**

**Civ. No. 91–110–FR.**

United States District Court, D. Oregon.

June 5, 1992.

---

J. Pierre Kolisch, Peter E. Heuser, Kolisch, Hartwell, Dickinson, McCormack & Heuser, Portland, Or., for plaintiff.

Steven K. Blackhurst, Jeffrey J. Baker, Ater, Wynne, Hewitt, Dodson & Skerritt, Portland, Or., J. Robert Chambers, Gregory J. Lunn, Wood, Herron & Evans, Cincinnati, Ohio, for defendant.

## OPINION

**FRYE, Judge:**

This is an action for service mark infringement and false designation of origin brought by plaintiff, Sidco Industries Incorporated (Sidco), against defendant, Wimar Tahoe Corporation (Wimar). The matter before the court is the motion (# 51) of Wimar for summary judgment as to Counts I, II and III of Sidco's amended complaint.

## UNDISPUTED FACTS

Sidco, an Oregon corporation, owns and operates the Horizon Motor Inn in Medford, Oregon. In 1981, Sidco registered its service mark "HORIZON MOTOR INN"

with the United States Patent and Trademark Office. The service mark "HORIZON MOTOR INN" is used as the name of a 130–room motel and several meeting rooms which can accommodate approximately fifty people. A restaurant is located adjacent to the Horizon Motor Inn. The Horizon Motor Inn offers no live entertainment, casino gambling, or convention facilities.

Wimar, a Nevada corporation, owns and operates the Lake Tahoe Horizon Casino/Resort in Stateline, Nevada. In 1991, Wimar registered its service mark "LAKE TAHOE HORIZON" with the United States Patent and Trademark Office. The service mark "LAKE TAHOE HORIZON" is used as a part of the name of a 539–room hotel with 43,000 square feet of space used for a gambling casino which is operated twenty-four hours a day. The Lake Tahoe Horizon Casino/Resort has five restaurants, provides live entertainment, and offers its patrons a shopping promenade. Wimar began operating the Lake Tahoe Horizon Casino/Resort in October, 1990.[1]

There are at least fifteen motels, hotels, lodges, camps, trailer parks, and other facilities that use the word "Horizon" in connection with their trade names. In addition, there are over 3500 businesses in the United States which use the word "Horizon" as a part of their trade names.

## CONTENTIONS OF THE PARTIES

Wimar contends that the undisputed facts show that the services furnished by the two corporations are not similar; that Sidco's service mark is weak; that Wimar did not adopt its service mark to capitalize on the goodwill of Sidco's service mark; that there is confusion on the part of consumers; and that it is entitled to prevail on its motion for summary judgment.

Sidco contends that there is a question of fact as to whether Wimar is infringing the service mark "HORIZON MOTOR INN" by the use of its service mark "LAKE TAHOE HORIZON."

1. Wimar conducted a service mark search before it adopted its service mark and before it

## APPLICABLE STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, it is not the function of this court to weigh the evidence and determine the truth; rather, the court must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

The core inquiry in either an action for service mark infringement or an action for false designation of origin "is 'whether the public is likely to be deceived or confused by the similarity of the marks.'" *Accuride Int'l, Inc. v. Accuride Corp.,* 871 F.2d 1531, 1533 (9th Cir.1989) (quoting *Century 21 Real Estate Corp. v. Sandlin,* 846 F.2d 1175, 1178 (9th Cir. 1988)). "'While infringement and unfair competition cases often present factual issues that render summary judgment inappropriate, this is not invariably so.'" *Boston Athletic Ass'n v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989) (quoting *Kazmaier v. Wooten,* 761 F.2d 46, 48–49 (1st Cir.1985)). *See also Century 21 Real Estate Corp.,* 846 F.2d 1175 (affirming district court's grant of summary judgment in favor of plaintiff). In order to avoid entry of summary judgment, the plaintiff must raise "a genuine issue of fact on the issue of the likelihood of confusion." *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2nd Cir.1991).

## ANALYSIS

The issue before this court is whether the claims of Sidco for service mark in-

learned that Sidco had registered the service mark "HORIZON MOTOR INN."

fringement and for false designation of origin present fact issues as to the likelihood of confusion in the public between the service marks "HORIZON MOTOR INN" and "LAKE TAHOE HORIZON." "Likelihood of confusion requires that confusion be probable, not simply a possibility. It is the totality of facts in a given case that is dispositive." *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir.1987) (citations omitted).

■ The United States Court of Appeals for the Ninth Circuit has "identified a non-exclusive series of factors that are helpful in making the ultimate factual determination" as to whether there is a likelihood of confusion between the service marks "HORIZON MOTOR INN" and "LAKE TAHOE HORIZON." *Eclipse Assocs. Ltd. v. Data Gen. Corp.*, 894 F.2d 1114, 1118 (9th Cir.1990). These factors are: (1) the strength of the allegedly infringed service marks; (2) the proximity or relationship between the services identified by the competing service marks; (3) the similarity of the competing service marks; (4) the evidence of actual confusion; (5) the extent to which the marketing channels overlap; (6) the type of services and the degree of care likely to be exercised in their purchase; (7) the intent of the defendant in selecting the allegedly infringing service mark; and (8) the likelihood of expansion of the service lines. *E. & J. Gallo Winery v. Gallo Cattle Co.*, 955 F.2d 1327, 1338 (9th Cir.1992) (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir.1979)).

### (1) *The Strength of the Service Mark "HORIZON MOTOR INN"*

"The strength of a given mark rests on its distinctiveness. The scope of protection afforded a strong mark is greater than that afforded a weak one. In determining the distinctiveness of a mark one looks to the degree to which the public associates the mark with a particular source." *Miss World (UK) Ltd. v. Mrs. America Pageants, Inc.*, 856 F.2d 1445, 1448 (9th Cir. 1988).

■ A "strong" mark is one which is used only in a fictitious, arbitrary and fanciful manner. The best example of a strong mark is a mark made up by the user. A "weak" mark is a mark that is a meaningful word in common usage or is merely a suggestive or descriptive name. *Alpha Indus., Inc. v. Alpha Steel Tube & Shapes, Inc.*, 616 F.2d 440, 445 (9th Cir. 1980).

■ In *Alpha*, the court held that the word "Alpha" was a weak mark entitled to little protection because "Alpha" was a word in common usage that occured in widespread use as a trade name or trademark. *Id.* The record in this case reflects that the word "horizon" is a meaningful word in common usage in the English language. The record in this case also reflects that the word "Horizon" is commonly used in the lodging industry and for other products and services as a name or a part of a name. Therefore, the court concludes as a matter of law that the word "horizon," when it is used as a part of a service mark, is weak.

However, even weak marks are protected by the law. The difference between strong marks and weak marks is that if the mark is weak, then a stronger showing as to other factors such as actual confusion must be made. *Alpha*, 616 F.2d at 445–46.

### (2) *The Relationship Between the Services*

■ "The competing services need not be identical to entitle the holder of the registered mark to protection; the zone of service mark protection may extend into the area of noncompeting services if the junior user's mark may create the impression that the services identified are affiliated with the holder of the registered mark." *Rodeo Collection*, 812 F.2d at 1219. For related services, the danger is that the public will mistakenly believe there is an association between the providers of the related services, though no such association exists. *AMF*, 599 F.2d at 350. "The more likely the public is to make such an association, the less similarity in the marks is requisite to a finding of likelihood of confusion." *Id.*

The Horizon Motor Inn and the Lake Tahoe Horizon Casino/Resort both offer overnight lodging. The Horizon Motor Inn is a motel located near an interstate highway, which provides overnight accommodations for motorists and travelers. The Lake Tahoe Horizon Casino/Resort is a resort and a gambling casino, which is a vacation destination for those interested in gambling and other recreational pursuits.

There is no danger in this case that the ordinary consumer will mistake the services offered by the Horizon Motor Inn for the services offered by the Lake Tahoe Horizon Casino/Resort. The issue is whether the public may mistakenly believe that there is an association between the Horizon Motor Inn and the Lake Tahoe Horizon Casino/Resort.

There is a significant difference between the services offered by Horizon Motor Inn and the services offered by the Lake Tahoe Horizon Casino/Resort. The services offered by each are offered in geographically distinct areas. There are no facts to create an impression that the services offered by the Lake Tahoe Horizon Casino/Resort are affiliated with or connected somehow with the services offered by the Horizon Motor Inn other than the word "Horizon" in their service marks.

### (3) *The Similarity of the Competing Service Marks*

"In analyzing the similarity of the marks, the court is to view the marks as a whole, as they appear in the marketplace." *E. & J. Gallo Winery*, 955 F.2d at 1339. Although similarity is measured by the marks as entities, similarities are weighed more heavily than the differences. *Id.* "The comparison should be made 'in light of what occurs in the marketplace,' taking into account the 'circumstances surrounding the purchase of the goods.'" *Alpha*, 616 F.2d at 444.

The service marks "HORIZON MOTOR INN" and "LAKE TAHOE HORIZON" are similar in that both contain the word "Horizon." Viewed in their entirety, however, the service marks are distinctive.

In addition, the facilities appear in different places in travel publications in order to reach different consumers. The Horizon Motor Inn is listed in such publications as the "Hotel & Travel Index," "AAA," and "Bus Tour Listings." These publications are designed for overnight travelers making their way through southern Oregon. The Horizon Motor Inn has no restaurant facilities and provides no entertainment for guests on the premises. The Lake Tahoe Horizon Casino/Resort advertises through newspapers, radio, television, direct mailings, and billboards in an attempt to attract customers with an interest in skiing and casino gambling in the area of Lake Tahoe, Nevada. The Lake Tahoe Horizon Casino/Resort operates a gambling casino, a theater, and five restaurants.

Viewed in their entireties and as they appear in the marketplace, the service marks are not similar.

### (4) *The Evidence of Actual Confusion*

"Evidence of actual confusion is relevant to the issue of likelihood of confusion, but the absence of such evidence need not create an inference that there is no likelihood of confusion." *E. & J. Gallo Winery*, 955 F.2d at 1339.

In support of its opposition to Wimar's motion for summary judgment, Sidco has submitted a declaration from Sally Wetherington, the owner of a travel agency in the State of Washington. Wetherington states, in part, in her declaration:

1. I am owner of a travel agency operating under the name of Gulliver's American Travels, and having the address of P.O. Box B–1, Elma, Washington, 98541.

2. In my travel agency business, I often put together travel groups which go by bus to Reno and Lake Tahoe from the state of Washington. Last fall, I received a mailing from the Lake Tahoe HORIZON, which was promoting its Lake Tahoe facility. I have, for the past two years, been familiar with the HORIZON Motor Inn in Medford, Oregon.

3. Last fall I contacted the HORIZON Motor Inn to talk about future

group bookings at their Medford facility. In that conversation, I asked whether they were affiliated with the Lake Tahoe HORIZON, from which I had recently received a mailing. Because both organizations use the HORIZON name, I assumed that there was an affiliation between them. I was told that there was no affiliation with the Lake Tahoe HORIZON.

Exhibit A to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, pp. 1–2.

This is evidence of slight confusion. The confusion was easily remedied. This evidence does not amount to evidence sufficient to support a finding of actual confusion.

### (5) *The Extent to Which Marketing Channels Overlap*

"Convergent marketing channels increase the likelihood of confusion." *AMF*, 599 F.2d at 353. "Therefore, the courts examine the proximity of the marketing channels to one another and whether direct competition exists. The court will consider the similarity in advertising as one factor in this examination." *Nutri/System, Inc. v. Con–Stan Indus., Inc.*, 809 F.2d 601, 606 (9th Cir.1987) (citation omitted).

Both Sidco and Wimar market their services through travel agencies. Sidco and Wimar market their services to different customers. As the affidavit of Sally Wetherington shows, a travel agent can readily inquire as to any association between the Horizon Motor Inn and the Lake Tahoe Horizon Casino/Resort.

### (6) *The Type of Services and the Degree of Consumer Care in Selecting Services*

The physical facilities provided by the Horizon Motor Inn and the Lake Tahoe Horizon Casino/Resort are substantially different and require a substantial commitment of time and money on the part of those who utilize their services. A consumer of either service would likely exercise great care in making his or her decision to utilize that service.

### (7) *The Intent of Wimar in Selecting the Allegedly Infringing Service Mark*

Sidco has offered evidence of Wimar's knowledge of Sidco's service mark as evidence that Wimar acted in bad faith. "Evidence of wrongful intent, when present, has some bearing on the likelihood of confusion. The absence of such evidence, however, is not determinative." *Rodeo Collection*, 812 F.2d at 1219.

Although Wimar had knowledge of Sidco's service mark, this is not necessarily evidence of wrongful intent. *See Lang*, 949 F.2d at 583; *Edison Bros. Stores, Inc. v. Cosmair, Inc.*, 651 F.Supp. 1547, 1560 (S.D.N.Y.1987). To the contrary, "adoption of a trademark with actual knowledge of another's prior registration of a very similar mark may be consistent with good faith." *Lang*, 949 F.2d at 584.

In view of the fact that a number of motels and hotels use the word "Horizon" as part of their trade names, the simple fact that Wimar had knowledge of Sidco's service mark is not evidence sufficient to prove wrongful intent on the part Wimar.

### 8. *The Likelihood of Expansion of Service Lines*

There is no evidence that Wimar intends to expand its services.

### CONCLUSION

The court finds that Sidco has failed to raise a genuine issue of fact on the issue of likelihood of confusion. As a matter of law, the word "Horizon" as a part of a service mark is a weak mark. Undisputedly, there is a significant difference between the services offered by Horizon Motor Inn and the services offered by Lake Tahoe Horizon Casino/Resort. The services are offered in geographically distinct areas. There are no facts to create an impression that the services of the Lake Tahoe Horizon Casino/Resort are affiliated with the services of the Horizon Motor Inn, other than the word "Horizon" in their marks.

Viewed in their entirety and as they appear in the marketplace, the service marks "HORIZON MOTOR INN" and "LAKE

TAHOE HORIZON" are not similar and there is no evidence of actual confusion. There is no evidence that Wimar acted in bad faith in registering its service mark.

There is, at most, a *possibility* of confusion between the service marks "HORIZON MOTOR INN" and "LAKE TAHOE HORIZON." *Actual* confusion is not probable. Accordingly, the motion for summary judgment of Wimar (# 51) is granted.