24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 PERFUMANIA, INC., Plaintiff-Appellant,
v.
PERFUMAY, INC., et al., Defendants-Appellees.
 No. 93-56500.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1994.
Decided May 3, 1994.
 
 Before: WALLACE, Chief Judge, and FARRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Perfumania Inc. appeals the district court's denial of its motion for a preliminary injunction in its service mark infringement action against Perfumay, Inc., Perfumay Arizona Corp., and Julie Joubert Corp. We have jurisdiction over defendant's timely interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(a)(1). We remand.
 
 I.
 
 3
 Both Perfumania and Perfumay own and operate chains of retain perfume shops. Perfumania opened its first retail shop in 1987 in Miami, Florida. There are currently more than 147 Perfumania shops nationwide. Perfumania offers its brand-name cosmetic products at discount prices. It promotes its prices with the slogan "Real Scents Real Savings."
 
 
 4
 There are currently 13 Perfumay shops. The shops give the appearance of a lush interior. The majority of Perfumay's shops are located in shopping malls catering to shoppers less concerned with price and more concerned with what they perceive as quality. Perfumay used the slogan "Real Fragrances Real Savings" together with the Perfumay mark. Use of that slogan was discontinued in August 1993.
 
 II.
 
 5
 In order to obtain a preliminary injunction, a party must demonstrate either 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. San Jose Mercury News, 987 F.2d at 639; Fred Meyer Inc., 809 F.2d at 1381; Sardi's Restaurant Corp. v. Sardie, 755 F.2d 719, 723 (9th Cir.1985). The district court found that Perfumania had failed to establish likelihood of success on the merits. In addition, the court found that the balance of hardships tipped in favor of Perfumay. Thus, neither basis for granting a motion for preliminary injunction was available to Perfumania. The court denied Perfumania's motion.
 
 
 6
 The denial of a preliminary injunction is reviewed for abuse of discretion. International Jensen v. Metrosound U.S.A., 4 F.3d 819, 822 (9th Cir.1993); Metro Pub. Ltd. v. San Jose Mercury News, 987 F.2d 637, 639 (9th Cir.1993); Vision Sports, Inc. v. Melville Corp., 888 F.2d 609, 612 (9th Cir.1989).
 
 
 7
 An abuse of discretion is "a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." International Jensen v. Metrosound U.S.A., 4 F.3d at 822 ( quoting Washington Capitals Basketball Club, Inc. v. Barry, 419 F.2d 472, 476 (9th Cir.1969) (citation omitted)). A court abuses its discretion 1) if it does not apply the correct law; or 2) if it rests its decision on a clearly erroneous finding of a material fact; United States v. Rahm, 993 F.2d 1405, 1410 (9th Cir.1993); First Brands Corp. v. Fred Meyer Inc., 809 F.2d 1378, 1381 (9th Cir.1987) or 3) when the record contains no evidence to support its decision. MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1122 (9th Cir.1991).
 
 
 8
 Perfumania argues for reversal under both tests for the issuance of a preliminary injunction. Perfumania argues the district court abused its discretion in concluding that it had failed to establish probable success on the merits (and there was the possibility of irreparable harm). In addition, Perfumania argues the district court abused its discretion in concluding that the balance of hardships did not weigh sharply in its favor.
 
 PROBABILITY OF SUCCESS ON THE MERITS
 
 9
 Perfumania argues that the district court's evaluation of its probability of success on the merits was an abuse of discretion. According to Perfumania, the court's analysis of all of the factors which it found to favor Perfumay was replete with factual and legal errors. Those errors individually and cumulatively constituted an abuse of discretion.
 
 
 10
 1) Failure to apply the correct legal standard.
 
 
 11
 Perfumania would succeed on the merits of its trademark infringement claim under the Lanham Act if it established that Perfumay's use of its mark would give rise to a "likelihood of confusion" in the consuming public. Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1391 (9th Cir.1993); E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1290 (9th Cir.1992).
 
 
 12
 A likelihood of confusion exists when consumers "are likely to assume that a product or service is associated with a source other than its actual source because of similarities between the two sources' marks or marketing techniques." Nutri/System Inc. v. Con-Stan Indus., Inc., 809 F.2d 601, 604 (9th Cir.1987) (quoting Shakey's Inc. v. Covalt, 704 F.2d 426, 431 (9th Cir.1983)).
 
 
 13
 We have identified a nonexclusive set of eight factors to determine likelihood of confusion: 1) Strength of the mark; 2) proximity or relatedness of the goods or services; 3) similarity of the sight, sound, and meaning of the marks; 4) evidence of actual confusion; 5) degree to which the marketing channels converged; 6) type of goods and degree of care likely to be exercised by the purchaser; 7) defendant's intent in selecting the mark; and 8) likelihood of expansion of product lines. AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir.1979).
 
 
 14
 The test is not a set of requirements or "hoops that a district court need jump through" to determine likelihood of confusion. Goss, 6 F.3d at 1391 (quoting Eclipse Assocs. Ltd. v. Data General Corp., 894 F.2d 1114, 1118 (9th Cir.1990)). Instead, the list of factors is meant to be used by the district court as a "guide." San Jose Mercury News, 987 F.2d at 640.
 
 
 15
 The district court applied the likelihood of confusion standard in arriving at its decision. It was aware of the AMF Inc. test. AMF Inc., 599 F.2d at 348-49. The order listed three factors in the AMF Inc. test that compelled the result. Listing only the three factors it considered dispositive does not limit which factors the court took into account in its analysis. There was neither legal error nor abuse of discretion. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d at 1290.
 
 
 16
 2) Violation of the Anti-dissection rule.
 
 
 17
 Perfumania argues that the district court violated the anti-dissection rule. Under the anti-dissection rule, the validity and distinctiveness of a composite trademark is determined by viewing the trademark as a whole, as it appears in the marketplace. Goss, 6 F.3d at 1392; California Cooler, Inc. v. Loretto Winery Ltd., 774 F.2d 1451, 1455 (9th Cir.1985). See also 2 J.T. McCarthy, McCarthy on Trademarks and Unfair Competition, Sec. 23.15[a], at 23-82 to -83.
 
 
 18
 The district court's conclusion, that Perfumania is a generic mark, was based on its view that the root word, "perfume," is generic. As such, the court analyzed the mark in piecemeal fashion, rather than in its entirety. See Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1218 (9th Cir.1987); AMF Inc., 599 F.2d at 351. In so doing the court violated the anti-dissection rule.
 
 
 19
 Perfumania is a "suggestive" mark. Although suggestive marks are "inherently distinctive," they are not "inherently strong." Nutri/System Inc., 809 F.2d at 605. If the suggestive mark contains a generic component, it is permissible for the district court to take that component into account in its evaluation of the mark's relative strength without violating the anti-dissection rule. Id.; Alpha Industries, Inc. v. Alpha Steel Tube & Shapes, Inc., 616 F.2d 440, 444 (9th Cir.1980).
 
 
 20
 The court's initial determination that Perfumania is a generic mark was incorrect but its ultimate conclusion, that Perfumania is weak, was correct. In addition, one may properly arrive at that determination based on the common and generic nature of the root word "perfume." Violation of the anti-dissection rule constituted harmless error.
 
 3) Secondary Meaning
 
 21
 A trade mark attains secondary meaning when the purchasing public associates the mark with a single producer or source rather than just the product or service itself. Qualitex Co. v. Jacobson Products Co., No. 91-56260, 1994 WL 669, at * 7 (9th Cir. Jan. 3, 1994). Evidence of extensive advertising or other promotional efforts do not necessarily indicate that prospective buyers would associate the trade mark with a particular source. Id. The test of secondary meaning is the effectiveness of the effort to create it. Carter-Wallace, Inc. v. Procter & Gamble Co., 434 F.2d 794, 802 (9th Cir.1970). However, evidence that the manufacturer has used and advertised the product over a substantial period of time may well establish secondary meaning. Clamp Mfg. Co. v. Enco Mfg. Co., 870 F.2d 512, 517 (9th Cir.), cert. denied, 493 F.2d 872 (1989).
 
 
 22
 Perfumania argues that it has been operating and advertising its stores over a substantial period of time and therefore did not need to present other evidence of secondary meaning. The district court did not explicitly find that Perfumania had not been operating over a sufficiently substantial period of time to qualify for secondary meaning. However, that finding can be inferred since the court required other evidence to establish secondary meaning.
 
 
 23
 Even if the district court had not made a finding as to the substantiality of Perfumania's period of operation and advertisement, the record reflects that Perfumania's period of operation and advertisement was not so substantial as to establish secondary meaning in the absence of other evidence.
 
 
 24
 Perfumania does not dispute that it offered no evidence to establish the effectiveness of its effort to associate the trade mark with its stores. The district court was legally correct in its assertion that Perfumania had offered no evidence of secondary meaning. There was no error.
 
 4) Related Services
 
 25
 The Lanham Act affords the trademark registrant the "exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate [of registration]." 15 U.S.C. Sec. 1057(b). See also Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 204 (1985). Courts look into the relatedness of services factor because related services are more likely than non-related services to confuse the public as to the producers of the services. Goss, 6 F.3d at 1392; AMF Inc., 599 F.2d at 350. A diminished standard of similarity is applied when comparing the marks of closely related services. AMF Inc. 599 F.2d at 350.
 
 
 26
 In AMF Inc., the court listed the type of considerations that are permissible in an evaluation of the relatedness of the services factor. Among the permissible considerations listed was whether "the products are sold to the same class of purchasers." AMF Inc. 599 F.2d at 350 (citing Restatement of Torts, Sec. 731, Comment d (1938)). We can not conclude, on this record, that the court's failure to limit its inquiry of the relatedness of services to whether both parties provided "retail cosmetic and perfume store services" was erroneous as a matter of law.
 
 
 27
 Perfumania argues, in addition, that the district court erred in finding "an absence of evidence establishing related services with the mark." It contends that it offered a great deal of evidence tending to show that both Perfumania and Perfumay catered to the same clientele. We reject Perfumania's contention. The court did not find that Perfumania had not offered evidence tending to show that the services were related. Rather, the court stated that Perfumania had not offered evidence "establishing" that the services were related. There was no error.
 
 5) Intent
 
 28
 The record satisfies us that the district court carefully considered its finding of an "absence of intent by defendant to infringe or trade on the good will of the mark." Reasonable minds may differ on the point but our deference to the trial court precludes our finding error as a matter of law.
 
 
 29
 As a result of the fact that the district court did not commit any legal errors with regard to the question of likelihood of confusion, the district court did not abuse its discretion in denying Perfumania's motion for a preliminary injunction based on Perfumania's failure to establish probable success on the merits.
 
 
 30
 Even if Perfumania had established probable success however, it still would have had to make an independent showing of irreparable injury. Rodeo Collection, 812 F.2d at 1220 (denial of preliminary injunction warranted where plaintiff made no independent showing of irreparable harm); Sardie's Restaurant Corp. v. Sardie, 755 F.2d 719, 725 (9th Cir.1985) (burden was on plaintiff to show realistic possibility of irreparable harm). Perfumania did not make such an independent showing.
 
 Balance of Hardships
 
 31
 Perfumania argues that, alternatively, its motion for preliminary injunction should have been granted based on the fact that 1) There existed serious questions going to the merits; and 2) the balance of hardships tipped sharply in its favor. Metro Pub. Ltd, 987 F.2d at 639. The district court rejected this argument based on its finding that "in balancing the hardships which would result from the issuance of the requested injunction, the defendant would suffer the greater hardships."
 
 
 32
 Perfumania argues that the court's finding was erroneous and constituted and abuse of discretion. It offers no basis for the argument, other than to state that the harm it will suffer in daily damage to its goodwill and reputation, in its opinion, exceeds the cost to Perfumay of changing its mark. The district court's factual determination based on the record concluded otherwise. We find no abuse of discretion. Sardi's Restaurant Corp., 755 F.2d at 726.
 
 
 33
 We remand, however, because of factors that have occurred since the court's ruling. We agree with the district court that this is a close case. We take judicial notice of the bankruptcy of two of the named defendants. The district court's conclusion on the balance of hardships was largely based on an understanding that "monetary damages would be quite sufficient" if Perfumania ultimately prevailed in the litigation. The district court's application of the preliminary injunction test might be different, now that the bankruptcy of two of the three Perfumay corporations makes recovery of damages less likely. In addition, the bankruptcy court has entered a stay that may prolong the time in which the question of a permanent injunction comes to trial.
 
 
 34
 We therefore remand for the district court to consider whether recent developments have shifted the balance of power.
 
 
 35
 Each side shall bear its own costs.
 
 
 36
 REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3